BOEHM, Justice,
concurring and dissenting.
I concur in the majority's holding that the Lender Liability Act does not bar Seeg' defense to the Bank's motion for summary judgment. However, I believe Sees has not established a defense and the Bank was nevertheless entitled to summary judgment. If Sees can avoid lability, the only available theory is that he is entitled to reseind or avoid the agreement based on fraud. I do not believe he has designated facts that are sufficient to defeat the Bank's motion for summary judgment. I therefore agree with the Chief Justice that the trial court properly rendered judgment for the Bank and there is nothing left to litigate.
Under the parol evidence rule, contemporaneous oral statements that contradict the terms of an integrated written agreement are inadmissible to vary or contradict the terms of the written agreement.[7] *163 Franklin, 498 N.E.2d at 166; Circle Cir. Dev. Co. v. Y/G Ind., L.P., 762 N.E.2d 176, 179 (Ind.Ct.App.2002), trans. denied; Paulison v. Centier Bank, 704 N.E.2d 482, 492 (Ind.Ct.App.1998), trans. denied; Tincher v. Greencastle Fed. Sav. Bank, 580 N.E.2d 268, 271 (Ind.Ct.App.1991). Notwithstanding this general rule of inadmissibility, parol evidence is admissible to show that fraud or fraudulent representations induced a written agreement and therefore that the agreement is void. Peoples Trust & Sav. Bank v. Humphrey, 451 N.E.2d 1104, 1112 (Ind.Ct.App.1983). To the extent Sees has alleged a theory that permits him to escape liability, it is that this fraud exception to the parol evidence rule applies, and allows his fraudulent inducement claim to go forward. His reliance on the exception, however, is misplaced because he has not alleged facts that state a cause of action for fraud. In Indiana, to establish fraudulent inducement as a defense to enforcement of a contract, a party must show that statements made were:
(1) a material representation of past or existing fact,
(2) that was untrue and known to be untrue, or else recklessly made,
(3) that the party did in fact rely on the representation, and
(4) that the representation proximately caused the party to suffer injury.
Circle Cir. Dev. Co., 762 N.E.2d at 179; Paulson, 704 N.E.2d at 490; Abbott v. Bates, 670 N.E.2d 916, 923 n. 4 (Ind.Ct.App.1996), reh'y denied.
Sees does not assert that Bank One made any statements of past or existing fact. Sees claims only that a Bank One agent told him that the purpose of the guaranty agreement was not to proceed against Sees personally. Sees concludes that this statement was false because Bank One has, by this suit, sought to enforce the guaranty agreement. If we take the statement Sees attributes to the Bank as a statement of present intention, it fails as an element of fraud under current Indiana precedent. Indiana law has not recognized a claim for fraud based on misrepresentation of the speaker's current intentions. Sachs v. Blewett, 206 Ind. 151, 155-156, 185 N.E. 856, 857 (19838) (stating that "A fraudulent intent alone is no[t] actionable," rejecting "the theory that where a contract is entered into with the intention of not carrying it out, an action will lie in tort for fraud because of the intention not to carry out the contract ..."); Kopis v. Savage, 498 N.E.2d 1266, 1272 (Ind.Ct.App.1986) (Fraud "cannot be based on ... statements of existing intent which are not executed.").
Even if we were to revisit that doctrine, Sees would fail. The Second Restatement of Contracts and some jurisdictions take the position that a statement of present intention is a statement of existing fact and therefore potentially actionable as fraud. Restatement (Second) of Contracts *164 § 159 emt. d (1981); See, eg., Major v. Christian County Livestock Mict., Inc., 300 SW.2d 246, 249 (Ky.1957) Thieman v. Thiemann, 218 SW.2d 580, 585 (Mo.1949); Kritzer v. Moffat, 136 Wash. 410, 240 P. 355, 358 (1925). But even under this view, the plaintiff must also show that reliance on the statement of intention is justified under the circumstances. Restatement (Second) of Contracts § 171. Even if Indiana were to adopt the Restatement position, in this case, Seeg' reliance on the Bank One agent's statement was not reasonable. Sees claims that a Bank One agent told him that "the purpose of the guaranty was not to proceed against us [Sees] personally, but only to provide leverage to guarantee our cooperation in the event of corporate default." If this was a statement of Bank One's present intention, Sees was not entitled to rely upon it. It is true that guaranties are frequently required to "get the attention" of the guarantor to cause the debtor to pay up. But that does not mean they are unenforceable. Indeed, if it were the case that the guaranty could not be called, the guaranty agreement could not fulfill its purpose of getting the attention of the guarantor. Sees is himself an attorney fully capable of understanding that the guaranty put him on the hook for the borrowing. And as the Chief Justice points out, the document did that in no uncertain terms.
Finally, if the statement Sees attributes to Bank One is viewed as a promise not to enforce the guaranty, a breach of a promise to abstain from some act in the future does not constitute fraud. Paulson, 704 N.E.2d at 490; Maynard v. 84 Lumber Co., 657 N.E.2d 406, 409 (Ind.Ct.App. 1995); Middelkamp v. Hanewich, 147 Ind. App. 561, 567, 263 N.E.2d 189, 192 (1970). These facts also do not support a claim for constructive fraud.[8]
There can be actionable fraud where a lender actively conceals or misrepresents the content of a loan or suretyship agreement. Fassnacht v. Emsing Gagen Co., 18 Ind.App. 80, 84, 46 N.E. 45, 46 (1897). However, in this case, Sees does not contend that Bank One concealed or misrepresented the contents of the guaranty agreement, ie. the provisions that unambiguously stated that Sees was assuring full payment of all debts Sees Equipment owed. He does not contend that he was induced to sign the guaranty agreements because he thought or was told that the terms of the guaranty agreements imposed no personal liability on him. Nor *165 does he claim that Bank One concealed from him the fact that the terms of the guaranty agreements impose liability. He also does not contend that he failed to read the agreement or that he was ignorant of its contents. Sees also makes no allegation that Bank One and its agent had no intention of carrying out the promise not to hold him personally liable at the time it was made. He alleges only that the promise was not performed. Accordingly, Sees has failed to allege any act of concealment or misrepresentation by Bank One that would support a claim for fraud.
SHEPARD, C.J., concurs.

. An integrated agreement is a writing constituting the final expression of one or more terms of the parties' agreement. Restatement (Second) of Contracts § 209 (1981). The question of whether an agreement is an integration is one of fact, that unlike other questions of fact, is decided by the judge as a question preliminary to application of the parol evidence rule. Id. In determining whether a writing is integrated, the judge should examine the writing itself to see whether it. appears complete on its face and should also consider any other relevant evidence. Id. This was a typical commercial loan, not some exotic undertaking. The document entitled "Unlimited Continuing Guarantee" did not contain an integration clause, but the absence of an integration clause is not conclusive as to whether parties intend a writing to be completely integrated. Id. at § 209 cmt. b; Cf. Franklin v. White, 493 N.E.2d 161, 166 (Ind.1986). In this case, *163 there was ample evidence that the parties intended the loan agreement and guaranty to be their final agreement. First, the loan documents were not drafts leading up to the execution of a final written agreement but were the final written agreement. Second, on its face, the guaranty appeared complete and unambiguously named Sees as an unlimited guarantor. Third, the guaranty stated that 'these provisions shall not be deemed to have been modified in any respect or relinquished by either the Bank or the Guarantor except by a written instrument executed by both of them," stating in so many words that the guaranty represents the entire agreement of the parties. Finally, there was simultaneous execution of the loan and guaranty agreements and advancement of the loan proceeds by Bank One, demonstrating that the parties intended the loan documents to constitute their final agreement.

. Constructive fraud arises by operation of law from a course of conduct that, if sanctioned by law, would secure an unconscionable advantage, irrespective of the actual intent to defraud. Drudge v. Brandt, 698 N.E.2d 1245, 1250 (Ind.Ct.App.1998). This theory of fraud is based on the premise that there are "[Slituations which might not amount to ac-iual fraud, but which are so likely to result in injustice that the law will find a fraud despite the absence of fraudulent intent." Scott v. Bodor, Inc., 571 N.E.2d 313, 324 (Ind.Ct.App. 1991). A claim of constructive fraud requires, at a minimum, the existence of a duty on the part of the party to be charged arising out of the parties' relationship. Strong v. Jackson, 777 N.E.2d 1141, 1147 (Ind.Ct.App. 2002), trans. denied. Such a duty exists in fiduciary relationships and in relationships of trust and confidence. Id. at 1146-47. But "the mere existence of a relationship between parties of bank and customer or depositor does not create a special relationship of trust and confidence." Huntington Mortgage Co. v. DeBrota, 703 N.E.2d 160, 167 (Ind.Ct.App. 1998) (citations omitted). See also Block v. Lake Mortgage Co., 601 N.E.2d 449, 452 (Ind. Ct. App.1992), reh'g denied, ("A fiduciary relationship does not exist between a lender and a borrower unless certain facts exist which establish a relationship of trust and confidence between the two."). Sees has no claim for constructive fraud because he and Bank One had no special relationship. Rather, they were engaged in an ordinary arms length business transaction.