**Todd A. WHITEHURST, Appellant–Defendant,**

v.

**ATTORNEYS OF ABOITE, LLC, Appellee–Plaintiff.**

No. 02A03–0904–CV–156.

Court of Appeals of Indiana.

March 30, 2010.

Rehearing Denied May 27, 2010.

George Sistevaris, Law Office of George Sistevaris, Fort Wayne, IN, Attorney for Appellant.

Robert A. Grubbs, Grubbs Law Office, R. John Wray, Wray Law Office, Fort Wayne, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Todd A. Whitehurst (Whitehurst), appeals the trial court's entry of supplemental judgment in favor of Attorneys of Aboite, LLC (Aboite) for Whitehurst's breach of a sub-lease agreement.

We affirm in part, reverse in part, and remand for further proceedings.

### ISSUES

Whitehurst raises four issues, which we restate as follows:

(1) Whether the trial court erred by granting Aboite's motion for supplemental judgment which was filed more than thirty days after the trial court rendered its summary judgment;

(2) Whether the trial court violated Whitehurst's due process rights by awarding Aboite supplemental damages without Whitehurst advancing certain defenses to those damages;

(3) Whether the trial court erred by treating Aboite's motion for judgment on the pleadings as a motion for summary judgment and finding for Aboite on Whitehurst's counterclaim; and

(4) Whether a question of material fact existed making the trial court's award of summary judgment to Aboite erroneous.

### FACTS AND PROCEDURAL HISTORY

On June 16, 2007, Whitehurst and Aboite entered into a sub-lease agreement wherein Whitehurst would lease a portion of the building already occupied by Aboite until June 1, 2008. In exchange, Whitehurst agreed to pay one-fifth of the shared overhead of Aboite per year, payable in installments of bi-weekly amounts. Also

included in the sub-lease agreement was a provision that "[t]his Agreement terminates and supersedes all prior understandings or agreements on the subject matter hereof. This Agreement may be modified only by a further writing that is duly executed by both parties." (Appellant's App. p. 8). On November 27, 2007, Aboite filed its Complaint alleging that Whitehurst had breached the sub-lease agreement by not making any payments on his share of the overhead. On January 10, 2008, Aboite filed a motion for summary judgment. On January 25, 2008, Whitehurst filed his answer and counterclaim, alleging that Aboite had made several assurances regarding marketing, referrals, and office support, which they had failed to provide. On March 7, 2008, Aboite filed a motion for judgment on the pleadings with respect to Whitehurst's counterclaim. On May 28, 2008, the trial court conducted a hearing on Aboite's motion for summary judgment.

On June 6, 2008, the trial court entered an order awarding summary judgment to Aboite on its Complaint and dismissing Whitehurst's counterclaim. The trial court awarded Aboite $9,294.66 based on the invoices which it had submitted as designated evidence with its motion for summary judgment on January 10, 2008. These documents provided proof of the amount of damages that had accrued from the beginning of the sub lease until January 4, 2008. On July 10, 2008, thirty-four days after the trial court's June 6, 2008 Judgment, Aboite filed a motion for supplemental judgment requesting an award for the damages which had accrued after it had designated evidence in support of its motion for summary judgment on January 4, 2008. On December 3, 2008, the trial court denied the motion for supplemental judgment finding that Aboite had submitted a supplemental affidavit at the May 28, 2008 hearing detailing additional damages which had accrued prior to the trial court's

June 6, 2008 Judgment, thereby bringing the issue of supplemental damages before the trial court. The trial court concluded that Aboite had failed to file a timely motion to correct error contending that the June 6, 2008 Judgment did not properly award damages and thereby waived its claim for supplemental damages.

On December 11, 2008, Aboite filed a motion to reconsider the trial court's December 3rd Order, which the trial court treated as a motion to correct error. On January 28, 2009, the trial court entered an order acknowledging that it had incorrectly found that Aboite had submitted a supplemental affidavit detailing damages that had accrued subsequent to its filing of the motion for summary judgment. Therefore, the trial court concluded, "the issue of what damages, if any, accrued from January 4, 2008, through the end of the lease term was not before the Court." (Appellant's App. p. 215). For this reason, the trial court considered its June 6, 2008 Judgment to be only a partial judgment, which left an opportunity for Aboite to prove additional damages without relying upon a motion to correct error. The trial court granted Aboite's motion for supplemental judgment and awarded Aboite an additional $4,561.66 for damages which had accrued after January 4, 2008. On February 27, 2009, Whitehurst filed a motion to correct error contending that he had been denied due process by the trial court's award of supplemental damages because he had a defense to Aboite's claim which he did not have an opportunity to advance. On March 9, 2009, the trial court found that Whitehurst had sufficient opportunity to advance his defense but chose not to, and, therefore, denied Whitehurst's motion to correct error.

Whitehurst now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Nature of the June 6, 2008 Judgment*

■ Whitehurst contends that the June 6, 2008 Judgment was a final appealable order, and, therefore, "[t]he trial court has no jurisdiction to accept amendments or supplements after the time period for motion to correct error[ ] is lapsed." (Appellant's Br. p. 15). Specifically, Whitehurst argues that the language used by the trial court, and the language omitted by the trial court, in the June 6, 2008 Judgment demonstrates that it was a final judgment.

In the trial court's grant of summary judgment, it ordered: "Judgment is entered for [Aboite] and against [Whitehurst] on [Aboite's] Complaint and [Whitehurst's] counterclaim. Judgment is entered for [Aboite] and against [Whitehurst] in the amount of $9,294.66. Costs are assessed to [Whitehurst]. Judgment is entered accordingly." (Appellant's App. p. 112). Indiana Trial Rule 56(D) provides that:

> If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

Whitehurst points out that the June 6, 2008 Judgment reserved no issues regarding the merits of the action or extent of relief for further litigation. It explicitly granted Aboite judgment on its Complaint and on Whitehurst's counterclaim. Therefore, Whitehurst contends that the trial court's June 6, 2008 Judgment is a final judgment.

■ Whitehurst also notes that neither Aboite nor Whitehurst filed any motion to correct error or notice of appeal within thirty days of the trial court's June 6, 2008 Judgment which would preserve the trial court's jurisdiction over the cause of action or vest jurisdiction in this court. Our trial rules provide opportunities for litigants to move to correct a trial court's judgment or appeal that judgment; however, the party must do so within thirty days of the trial court's judgment. *Dowell v. State*, 908 N.E.2d 643, 646 (Ind.Ct.App.2009) (citing Ind. Trial Rule 59(C) and App. R. 9(A)(1)). Therefore, Whitehurst contends, the trial court's subsequent orders were made without jurisdiction, and because no timely notice of appeal was filed in response to the trial court's June 6, 2008 Judgment, we have no jurisdiction to consider any of the other issues raised by Whitehurst.

To support its argument that the trial court had jurisdiction to enter a supplemental judgment, Aboite cites to *Booher v. Richmond Square Inc.*, 160 Ind.App. 44, 310 N.E.2d 89 (1974), and *Boonville Convalescent Ctr., Inc. v. Cloverleaf Healthcare Servs., Inc.*, 834 N.E.2d 1116 (Ind.Ct. App.2005), *trans. denied.* In *Booher*, the plaintiff, Richmond Square, had recovered a judgment from the defendant, Booher, for rent and maintenance fees due according to a lease for shopping center space which Booher had abandoned. *Booher*, 160 Ind.App. at 45, 310 N.E.2d at 90. At the time of the judgment, the time period of the lease had yet to expire. *Id.* Over two years later, the Richmond Square filed another lawsuit seeking payment for the

remainder of the unpaid rent and maintenance fees. *Id.* Booher argued that the second action was barred by the previous judgment. *Id.* at 46, 310 N.E.2d at 90. On appeal, we determined that the initial action did not bar Richmond Square's subsequent claim because rent is not due until it is earned, and:

> an action cannot be maintained to recover rent before it is due by the terms of the lease. Hence the rule is universal that where the rent for a subsequent period was not a demand existing at the time of the commencement of a suit for accrued rent, and could not, under the conditions of the lease, have been recovered at that time, the subsequent action is not barred by the former judgment.

*Id.* at 47, 310 N.E.2d at 91. We further clarified that "[s]ince the second action sought only rents accruing subsequent to the previous judgment, it constituted a different cause of action, claim, or demand and was not barred under the theory of estoppel by judgment." *Id.* at 48, 310 N.E.2d at 92.

More recently in *Boonville Convalescent Center*, we noted that:

> in an action for rent ... the landlord can only recover the amount of rent due and unpaid. [ ] Therefore, the landlord's right of action on the lease for the whole amount of rent reserved matures only at the end of the term when all the installments have matured. [ ] However, the landlord may bring actions for rent as it becomes due.

*Boonville Convalescent Ctr.*, 834 N.E.2d at 1126 (citing *Roberts v. Watson*, 172 Ind. App. 108, 359 N.E.2d 615, 621 (1977), *reh'g denied*).

Both of these cases cited by Aboite support the proposition that since the trial court awarded only those damages which had accrued at the time that Aboite had designated evidence, it has a viable claim for the damages which may have accrued after that time. However, they do not directly support Aboite's contention that the trial court has the opportunity to make a supplemental award for damages accruing subsequent to the most recent evidence which the trial court has based an award upon. Nor do these cases answer whether the trial court's June 6, 2008 Judgment should be treated as a final judgment from which a motion to correct error or appeal must be taken within thirty days or the trial court's jurisdiction over the matter divests.

■ We consider more important to our analysis the trial court's broad discretion to correct any errors which it may have caused or created. *See Wurster Const. Co. v. Essex Ins. Co.*, 918 N.E.2d 666, 671 (Ind.Ct.App.2009). On May 28, 2008, the trial court conducted a joint hearing considering Aboite's motion for summary judgment against Whitehurst along with a motion for summary judgment which it had filed against another attorney alleged to have breached a cost sharing contract. When considering Aboite's motion with regard to the other attorney, Aboite attempted to submit evidence of subsequently accruing damages:

[Aboite's Counsel]: [ ] I would like to, if I may, offer a supplemental affidavit that includes the invoices through the month of May 2008.

[Trial Court]: Well, I don't think you do that at the end of the hearing. But, in the event that I determine that you prevail on the motion for summary judgment, then you will be permitted to offer all those additional affidavits ... because it will [be] a determination of liability. If the liability is that the Defendant is responsible for those amounts, then a judgment will be en-

tered up until a certain point. You'll have to come back in then.

(Tr. Vol.I, pp. 28–29). This statement gave Aboite clear indication that the trial court would not accept evidence of damages which had accrued subsequent to the Aboite's designation of evidence, but preferred that such evidence be discussed subsequent to a determination of liability.

In the January 28, 2009 Order granting Aboite's motion to correct error, the trial court acknowledged that it had not considered any evidence of damages accruing subsequent to Aboite's designation of evidence on January 4, 2008, despite its statement to Aboite at the May 28, 2008 hearing. For this reason, the trial court concluded that its "June 6, 2008 Judgment was not a resolution of all of [Aboite's] claims." (Appellant's App. Vol. II, p. 215). If we were to ignore this interpretation by the trial court of its own Judgment, we would essentially elevate form over substance, which we generally will not do. *See Rainbow Cmty., Inc. v. Town of Burns Harbor*, 880 N.E.2d 1254, 1263 (Ind.Ct.App.2008). Therefore, we conclude that the trial court acted within its discretion when it announced that its June 6, 2008 Judgment was an award of partial summary judgment finding for Aboite on the issue of liability and awarding damages for the period of time supported by the evidence designated to the trial court at that time, but reserving the question of subsequently accruing damages for further litigation.

## II. *Opportunity to Challenge Supplemental Damages*

■ Whitehurst contends that the trial court violated his due process rights by entering an award of supplemental damages without giving him an opportunity to raise certain defenses. For this reason, he requests that if we deem the trial court's entry of supplemental damages as being a permissible exercise of the trial court's authority, we remand to give him an opportunity to challenge the amount of damages awarded.

These arguments were also the basis of Whitehurst's motion to correct error filed on February 27, 2009. In considering that motion, the trial court made specific findings:

(1) The Court set [Aboite's] Motion for Supplemental Judgment for hearing for July 28, 200[8].

(2) [Whitehurst] filed his Memorandum in Opposition to [Aboite's] Motion, together with attached Exhibits A through I.

* * *

(3) [Whitehurst] chose to oppose [Aboite's] Motion on procedural grounds. Although [Whitehurst] contends he was not afforded an opportunity to file material in opposition to [Aboite's] Motion for Supplemental Judgment, [Whitehurst] did file a response, including a nine (9) page memorandum, including nine (9) exhibits.

* * *

Although [Whitehurst] has continued to emphasize his procedural position in opposition to [Aboite's] Motion for Supplemental Judgment, [Whitehurst] had the opportunity to and did file material in opposition to [Aboite's] Motion.

(Appellant's App., Vol. 2, pp. 233–34). For these reasons, the trial court denied Whitehurst's motion to correct error. "We review the trial court's ruling on a motion to correct error for an abuse of discretion." *Franciose v. Jones*, 907 N.E.2d 139, 145 (Ind.Ct.App.2009), *aff'd on reh'g, trans. denied.*

■ Whitehurst's argument assumes that he could not have advanced certain

defenses in the alternative while at the same time challenging the trial court's authority to consider Aboite's motion for supplemental judgment. However, we do not give that contention any credence because, on appeal, Whitehurst effectively makes these contentions alternative to his other arguments. Due process provides Whitehurst an opportunity to be heard, which the trial court provided. *See Art Hill, Inc. v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 898 N.E.2d 363, 367 (Ind.Ct. App.2008). Whitehurst chose to focus his responses to Aboite's claim for supplemental damages to procedural issues, and voluntarily waived his opportunity to present certain defenses to Aboite's claim. Therefore, we conclude that the trial court did not violate Whitehurst's due process rights.

### III. Treatment of Motion for Judgment on the Pleadings as a Motion for Summary Judgment

Whitehurst contends that the trial court erred by treating Aboite's motion for judgment on the pleadings as a motion for summary judgment and in denying his counterclaim for breach of contract. In response, Aboite argues:

> Whitehurst did nothing to preserve any of these issues under that order for appeal. Whitehurst did not file a Motion to Correct Error[ ] under Indiana Trial Rule 59, nor did he initiate an appeal under either Indiana Appellate Rule 9(A)(1) or Indiana Appellate Rule 14 within thirty days of the June 6, 2008 entry.

(Appellee's Br. p. 15). However, as we have determined above, the trial court's June 6, 2008 Judgment was an award of partial summary judgment and the trial court did not "in writing expressly determine that there is not just reason for delay" thereby making the issues upon

which it had entered summary judgment in favor of Aboite final and appealable. T.R. 56(C); *see also Keck v. Walker*, 922 N.E.2d 94 (Ind.Ct.App.2010). Therefore, Whitehurst had no duty to appeal until the trial court awarded the remainder of the damages which had accrued after January 4, 2008, making the trial court's judgment complete.

██ Moving on to the merits of Whitehurst's argument, Whitehurst contends, that "[b]ecause the parties did not, at the time of filing, present matters outside of the pleadings, the trial court erred in expanding the issues and treating this motion as a summary judgment." (Appellant's App. p. 28). To the contrary, Whitehurst maintains, Aboite's motion should have been treated under the standard for motions for judgment on the pleadings. Indiana Trial Rule 12(c) provides that:

> [A]fter the pleadings are closed ... any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....

A motion for judgment on the pleadings attacks the legal sufficiency of the pleadings. *Eskew v. Cornett*, 744 N.E.2d 954, 956 (Ind.Ct.App.2001). "A judgment on the pleadings is proper only when there are no genuine issues of material fact and when the facts shown by the pleadings clearly establish that the non-moving party cannot in any way succeed under the facts and allegations therein." *Id.* On appeal, we review a motion for judgment on the pleadings *de novo*. *Id.*

Whitehurst alleged in his counterclaim that Aboite made several assurances which Aboite subsequently failed to fulfill, and,

therefore, claimed that Aboite had breached a contract. Whitehurst alleged that Aboite assured him that the office would provide advertising, and that "all criminal defense work coming into the office would be forwarded to him unless the client requested a specific attorney within the office." (Appellant's App. p. 73). However, Whitehurst alleged, he never received any criminal cases through Aboite or advertising. Additionally, Whitehurst alleged Aboite assured that his name would be placed on the front of the office, he would receive voicemail, and internet service, none of which happened.

That being said, Aboite attached to its Complaint and designated as evidence in support of its motion for summary judgment the "Sub–Lease Agreement," which included an integration clause that specifically provided: "This agreement terminates and supersedes all prior understanding or agreements on the subject matter hereof. This Agreement may be modified only by a further writing that is duly executed by both parties." (Appellant's App. p. 56). None of the assurances which Whitehurst alleged had been made in his counterclaim were included in the "Sub–Lease Agreement," or any further writings duly executed by the parties.

Relying on *Circle Centre Development Company v. Y/G Indiana, L.P.*, 762 N.E.2d 176 (Ind.Ct.App.2002), *trans. denied*, the trial court concluded that in light of the integration clause, Whitehurst's counterclaim failed. In *Circle Centre*, Y/G entered into a lease to rent space from the Circle Centre Mall. *Id.* at 178. Later, Circle Centre filed a lawsuit to recover unpaid rent from Y/G, but Y/G counterclaimed alleging that Circle Centre had induced it into signing the lease by overstating revenue generated by other stores in the mall. *Id.* Circle Centre filed a motion for judgment on the pleadings not-

ing the integration clause in the lease agreement. *Id.* The trial court denied the motion; however, on appeal, we held that "Y/G cannot, as a matter of law, claim fraud in the inducement after having expressly disclaimed in the lease itself any reliance on Circle Centre's oral representations." *Id.* at 180.

We first note that *Circle Centre* makes it clear that a motion for judgment on the pleadings can be used to attack the sufficiency of pleadings in light of an integration clause. This should be especially true where, as here, the contract containing the integration clause was attached to the pleadings.

■■■■ Moreover, Whitehurst's counterclaim was for breach of contract as opposed to fraud in the inducement. Had Whitehurst brought a claim of fraud in the inducement, his argument here may have carried more weight because fraud in the inducement can vitiate contractual provisions at times. *See Prall v. Indiana Nat'l Bank,* 627 N.E.2d 1374 (Ind.Ct.App.1994). However, since Whitehurst merely advanced a breach of contract claim, his contentions cannot overcome the written agreement which he entered into expressly renouncing any prior agreements or understandings. A simple application of the parole evidence rule, which prohibits admission of evidence of oral representations that contradict a written contract, defeats Whitehurst's allegations. *See Circle Centre,* 762 N.E.2d at 179. Therefore, we conclude that Whitehurst's pleadings alleging prior agreements and understandings, and the breach thereof, were insufficient in light of his express renunciation of any such agreements and understandings. Because Whitehurst's counterclaim fails under the motion on the pleadings standard, we need not consider whether the trial court erred by applying the summary judgment standard.

## V. *Award of Summary Judgment to Aboite*

Whitehurst contends that the trial court's award of summary judgment to Aboite on June 6, 2008, was in error because there was a question of fact. Specifically, Whitehurst argues that he presented evidence that he was not provided with internet access or voicemail during the period he shared office space with Aboite, but the trial court's award of damages included charges for internet and phone services.

> Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind.Ct.App.2008), *trans. denied.* Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id.* at 607–08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id.* at 608.

*West Bend Mut. Ins. Co. v. 1st Choice Ins. Servs.*, 918 N.E.2d 684, 688–89 (Ind.Ct.App.2009).

> Reviewing the evidence designated by Aboite, the invoices explicitly contain charges for phone service and internet. Whitehurst produced an affidavit from Trisha Walls who had worked for Aboite. Walls stated in her affidavit that Whitehurst had not been provided with internet or voicemail despite assurances that those services would be provided. Therefore, we must agree that a genuine question of fact exists as to whether the invoices submitted by Aboite accurately reflect the expenses which Whitehurst should be liable for paying.

### CONCLUSION

Based on the forgoing, we conclude that (1) the trial court appropriately pronounced that the June 6, 2008 Judgment was an award of partial summary judgment, (2) the trial court did not violate Whitehurst's due process rights, (3) the trial court appropriately denied Whitehurst's counterclaim, but (4) there exists a genuine issue of material fact as to whether or to what extent Aboite should have been granted damages for internet and phone services.

Affirmed in part, reversed in part, and remanded for further proceedings.

VAIDIK, J., and CRONE, J., concur.