RICHARD H. BOOHER v. RICHMOND SQUARE, INC.

[No. 1-573A103. Filed April 22, 1974.]

*Charles V. Livengood,* of Richmond, for appellant.

*John R. Brant, II, Harlan, Schussler & Keller,* of Richmond, for appellee.

LYBROOK, J.—Appellee Richmond Square, Inc., recovered judgment from appellant Booher for rent due under the terms of a lease of space in a shopping center.

Appellant's principal contention on appeal is that the action was barred under the doctrine of *res judicata* due to a prior judgment involving the same parties and same lease.

On May 29, 1967, appellant Booher and one Douglas W. Rankin, as lessees, and appellee as lessor, entered into a written lease for a ten year term providing for payment of rents and charges in monthly installments. Lessees opened for business on August 24, 1967, and later abandoned the leased premises April 25, 1969.

On June 30, 1969, Richmond initiated an action seeking unpaid rent accrued to that date in the sum of $2,250.00. The complaint also sought liquidated damages under the provisions of the lease agreement in the sum of $16,200. Subsequently, on November 7, 1969, Richmond filed an affidavit with the court wherein it was sworn that the unpaid rent accrued as of October 29, 1969, was $4,050.00. On November 10, 1969, a default judgment was entered against Booher and Rankin in the sum of $4,050.00.

Appellee Richmond initiated the present action on January 14, 1972, to collect rent and common area maintenance charges accrued in the period from October 30, 1969, to September 30,

1971. The trial court ruled against Booher and Rankin on their theory that the action was barred by the previous judgment and entered judgment for Richmond in the sum of $9,296.80, the same being the exact amount of rent and maintenance charges accruing during the period alleged in the complaint, less a credit of $1053.20 representing income received by appellee in reletting the premises.

Booher then timely filed his Motion to Correct Errors which was overruled, and this appeal follows. Since each of appellant's arguments bear upon the same issue—whether the judgment in the first action constitutes a bar to the instant action—we shall consider them together.

The following definitive statement of the rule of law known as the doctrine of *res judicata* is found in *Town of Flora* v. *Indiana Service Corporation* (1944), 222 Ind. 253, 53 N.E. 2d 161.

". . . There are two well defined branches of the rule of *res judicata*. The subject has often been confused by the loose use of descriptive terms. One branch of the subject deals with prior adjudication as a bar. Under it a cause of action finally determined between the parties on the merits by a court of competent jurisdiction, cannot again be litigated by new proceedings before the same or any other tribunal, except by way of review according to law. Such a judgment or decree so rendered is a complete bar to any subsequent action on the same claim or cause of action, between the same parties, or those in privity with them. Every question which was within the issues, and which, under the issues, might have been proved, will be presumed to have been proved and adjudicated. *Jordan* v. *Sisson* (1924), 82 Ind. App. 128, 141 N.E. 881. This rule is perhaps best described as 'estoppel by judgment.'

"The other branch of the subject applies where the causes of action are not the same, but where some fact or question has been determined and adjudicated in the former suit, and the same fact or question is again put in issue in a subsequent suit between the same parties. In such cases the former adjudication of the fact or question, if properly presented and relied on, will be held conclusive on the parties in the latter suit, regardless of the identity of the causes of action, or the lack of it, in the two suits. When

the second action between the same parties is on a different cause of action, claim, or demand, it is well settled that the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined, and not as to other matters which might have been litigated and determined. In such cases the inquiry must always be as to the point or question actually litigated and determined in the original action. This branch of the subject may appropriately be described as 'estoppel by verdict or finding.' See *Charles E. Harding Co.* v. *Harding* (1933), 352 Ill. 417, 186 N.E. 152, 88 A.L.R. 563 (Ann. on p. 574).

"In this connection it should be further observed that where a judgment may have been based upon either or any of two or more distinct facts, a party desiring to plead the judgment as an estoppel by verdict or finding upon the particular fact involved in a subsequent suit must show that it went upon that fact, or else the question will be open to a new contention. The estoppel of a judgment is only presumptively conclusive, when it appears that the judgment could not have been rendered without deciding the particular matter brought in question . . . ."

See also, *Linville* v. *Chenoweth* (1949), 119 Ind. App. 515, 84 N.E.2d 473; *Beatty* v. *McClellan* (1951), 121 Ind. App. 242, 96 N.E.2d 675.

In determining the applicability of the principle of estoppel by judgment, we must decide whether the instant action is based on a different cause of action, claim, or demand, than was presented in the prior action.

It is generally conceded that an action for rent will not lie until such rent is due and payable. 18 I.L.E. *Landlord and Tenant* § 311; 52 C.J.S. *Landlord and Tenant* § 559. In 24 A.L.R. at 891, it is stated:

"It is too well settled to admit of controversy that rent is not due until it is earned, and that an action cannot be maintained to recover rent before it is due by the terms of the lease. Hence the rule is universal that where the rent for a subsequent period was not a demand existing at the time of the commencement of a suit for accrued rent, and could not, under the conditions of the lease, have been recovered at that time, the subsequent action is not barred by the former judgment."

Appellant relies upon two Indiana cases, the first being *Bereolos* v. *Roth* (1924), 195 Ind. 425, 145 N.E. 545, which involved a second action for rents under a lease. In the first suit defendant had unsuccessfully attempted to attack the validity of the lease, and in the second action sought to plead the same defense. The court held that the rule of *res judicata* prevented the defendant from raising this same defense in the subsequent action. *Bereolos* does not lend the defendant any support in this appeal because (1) it is not in point and (2) *Bereolos* says by implication that subsequent actions for rent which had not accrued at the time of the first action, are not barred.

The second case relied upon by appellant is *Epstein* v. *Greer* (1882), 85 Ind. 372, which concerned successive suits for recovery of rent. This case is distinguishable from the case at bar since the tenant remained in the property after the first action. However, rather than favoring appellant, this case apparently supports the appellee's position. In *Epstein* the court observed:

> "The former adjudication could only include the rents up to the time of the trial, and the unlawful holding of possession up to that time. It certainly did not embrace rents accruing after the day of trial, or determine that the holding of possession thereafter would be lawful. . . . And as the rents in controversy could not be included in such judgment or affirmation, there was no former adjudication of them, or of pending litigation in relation to them, at the commencement of this suit."

In its first action, Richmond sought both rents accrued at the time of trial, and liquidated damages for breach of the lease agreement by lessees. It did not, and could not, under the above cited authorities, seek to recover rents to accrue in the future. Since the second action sought only rents accruing subsequent to the previous judgment, it constituted a different cause of action, claim, or demand and was not barred under the theory of estoppel by judgment.

To determine whether estoppel by verdict or finding applies in the instant case, we must inquire as to the point or question actually litigated and determined in the prior suit.

In *Town of Flora, supra,* the court said:

"It is necessary to look to the complete record to ascertain what was the question in issue. Dygert v. Dygert (1891), 4 Ind. App. 276, 29 N.E. 490.

\* \* \*

". . . It is well established, however, that when any question arises as to the nature, character or effect of a judgment it is proper to look to the antecedent pleadings and orders. In *Fleenor* v. *Driskill* (1884), 97 Ind. 27, 33, it was said:

'If the entry of a judgment be so obscure as not to express the final determination of the court with sufficient accuracy, reference may, and indeed ought to, be had to the pleadings, and the entire record, when construing the judgment.' "

In the prior suit, appellee sought rent and damages totalling $18,450.00. Default judgment was entered against Booher and Rankin in the sum of $4,050.00. It is significant that this sum equalled the amount of rent sworn to be due and unpaid as of October 29, 1969, by appellee's affidavit submitted three days prior to judgment.

Hence, it appears that the prior judgment could have been rendered without a final determination of the rights and duties of the parties under the lease agreement. The judgment could have been rendered without deciding the particular matter brought into question in the instant suit, that being possible liability for rent accruing subsequent to October 29, 1969.

We must therefore conclude that the instant action was not barred under the branch of the doctrine of *res judicata* described as estoppel by verdict or finding.

Since the contentions in Booher's brief rest solely on the argument that appellee's action was barred under the doctrine of *res judicata,* we must deem any other questions suggested by the record to be waived.

In his reply brief Booher cites a recent Supreme Court decision *Skendzel* v. *Marshall* (1973), 261 Ind. 226, 301 N.E:2d 641. This landmark decision involved the forfeiture of a purchaser's interest in real estate under a conditional sales contract and its issues were not even remotely related to the issue in the case at bar.

The decision of the trial court must be affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 310 N.E.2d 89.