Dare **AFOLABI**, Appellant–Defendant,

v.

**ATLANTIC MORTGAGE & INVEST-MENT CORPORATION**, Appel-lee–Plaintiff.

No. 49A02–0603–CV–162.

Court of Appeals of Indiana.

June 29, 2006.

Clifford W. Shepard, Indianapolis, IN, Attorney for Appellant.

G. Martin Cole, Jeremy J. Grogg, Burt, Blee, Dixon, Sutton, & Bloom, LLP, Fort Wayne, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Dare Afolabi (Afolabi), appeals the trial court's grant of summary judgment in favor of Appellee–Plaintiff, Atlantic Mortgage & Investment Corp. (Atlantic), on its Complaint to Foreclose Mortgage against Afolabi.

We affirm.

### ISSUE

Afolabi raises one issue on appeal, which we restate as follows: Whether the trial court erred in concluding that the doctrine of *res judicata* did not bar Atlantic, as

assignee of Afolabi's note and mortgage, from bringing a foreclosure action where a previous foreclosure action had been brought against Afolabi based upon the same note and mortgage and that previous action had been dismissed with prejudice pursuant to Indiana Trial Rule 41(E).

## FACTS AND PROCEDURAL HISTORY

On February 16, 1990, Afolabi executed a promissory note (note) agreeing to pay Kemper Mortgage Co., Inc., (Kemper) the sum of $52,800.00 with interest. At the same time, Afolabi executed a mortgage in favor of Kemper for real estate located at 1736 Sanwella Drive, Indianapolis, Indiana to secure payment on the note. The mortgage was duly recorded with the Marion County Recorder's Office. That same day, Kemper assigned and transferred all right, title, and interest in the note and mortgage to Lambrecht Company (Lambrecht), which was also recorded with the Marion County Recorder's Office on February 21, 1990.

On April 16, 1990, Lambrecht subsequently assigned and transferred all right, title, and interest in the note and mortgage to Federal Home Loan Mortgage Corporation (FHLMC), which was recorded with the Marion County Recorder's Office on June 6, 1990. Sometime thereafter, FHLMC asserted that Afolabi had defaulted on the payments due pursuant to the note and mortgage. On November 30, 1995, FHLMC filed a complaint against Afolabi to foreclose on the mortgage and the note. On November 17, 1997, while the foreclosure action was pending, FHLMC assigned and transferred all right, title, and interest in the note and mortgage to Atlantic. Thereafter, on September 19, 1998, FHLMC's action was dismissed with prejudice pursuant to Indiana Trial Rule 41(E).

Afolabi has failed to make any payments on the note and mortgage since the filing of FHLMC's foreclosure action. Accordingly, on July 16, 2003, Atlantic filed its Complaint to Foreclose Mortgage against Afolabi. Two days later, Afolabi filed a *pro se* motion to dismiss. On August 25, 2003, the trial court conducted a hearing on Afolabi's motion and took the matter under advisement. However, on October 20, 2003, Atlantic filed a motion for default judgment against Afolabi. Three days later, despite the pendency of Afolabi's motion to dismiss, the trial court granted Atlantic's motion.

Afolabi retained counsel and on December 3, 2003, filed a *Praecipe* for transfer to the Indiana Supreme Court for appointment of a special judge. The supreme court subsequently appointed a special judge to hear this matter. On July 1, 2004, after conducting a hearing, the trial court denied Afolabi's motion to dismiss and set aside the default judgment. Thereafter, on October 6, 2004, Atlantic filed its Motion for Summary Judgment and Designation of Evidence. On February 2, 2006, after conducting a hearing on the motion, the trial court entered its Judgment and Decree Foreclosing Note and Mortgage.

Afolabi now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION
### I. *Summary Judgment*

Afolabi contends that the trial court erred in granting Atlantic's motion for summary judgment. Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. T.R. 56(C). In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding

whether to affirm or reverse summary judgment. *American Family Mut. Ins. Co. v. Hall,* 764 N.E.2d 780, 783 (Ind.Ct. App.2002), *reh'g denied, trans. denied.* Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id.* In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id.* The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Id.* Accordingly, the grant of summary judgment must be reversed if the record discloses an incorrect application of the law to the facts. *See Ayres v. Indian Heights Volunteer Fire Dep't, Inc.,* 493 N.E.2d 1229, 1234 (Ind.1986).

We observe that in the present case, the trial court entered detailed and helpful findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *Watters v. Dinn,* 633 N.E.2d 280, 285 (Ind. Ct.App.1994), *trans. denied.* However, such findings offer this court valuable insight into the trial court's rationale for its judgment and facilitate appellate review. *Id.*

## II. *Res Judicata*

Afolabi now contends that prior to the institution of FHLMC's foreclosure action against him, FHLMC accelerated all payments under the terms of the note and mortgage. Because of the acceleration of all payments—past and future—and subsequent dismissal of FHLMC's foreclosure action with prejudice pursuant to T.R. 41(E), Afolabi maintains that Atlantic's claim is barred by *res judicata.*

■■■ The doctrine of *res judicata* prevents the repetitious litigation of disputes that are essentially the same. *French v.*

*French,* 821 N.E.2d 891, 896 (Ind.Ct.App. 2005), *reh'g denied.* The principle of *res judicata* is divided into two branches: claim preclusion and issue preclusion, also referred to as collateral estoppel. *Id.* Afolabi's appeal raises both claim preclusion and issue preclusion arguments.

### A. *Claim Preclusion*

■■■ Claim preclusion applies where a final judgment on the merits has been rendered and acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies. *Indianapolis Downs, LLC v. Herr,* 834 N.E.2d 699, 703 (Ind.Ct.App.2005), *trans. denied.* When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action. *Id.* In order for a claim to be precluded under the doctrine of *res judicata,* the following four requirements must be satisfied: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies. *Id.* We observe that either party may move to dismiss a claim and a dismissal with prejudice constitutes a dismissal on the merits. *Richter v. Asbestos Insulating & Roofing,* 790 N.E.2d 1000, 1002–03 (Ind. Ct.App.2003), *trans. denied.* Thus, a dismissal with prejudice is conclusive of the rights of the parties and is *res judicata* as to any questions that might have been litigated. *Id.* In determining whether the doctrine should apply, it is helpful to inquire whether identical evidence will support the issues involved in both actions. *Id.*

Referencing this doctrine, Afolabi asserts that FHLMC's acceleration of all payments due under the note and mortgage and demand for payment in full necessarily included all future payments. Accordingly, Afolabi argues that Atlantic's claim was already adjudicated in FHLMC's action and the resulting dismissal with prejudice in that cause now operates to bar Atlantic's current claim. In response, Atlantic relies on *res judicata's* third requirement and contends that the matter now at issue could not have been determined in FHLMC's action because the present foreclosure action is brought upon Afolabi's defaults which occurred after the date of FHLMC's dismissal with prejudice.

Our review of the designated evidence reveals that the note required Afolabi to make monthly payments towards his debt. Afolabi readily concedes that he stopped making payments after the filing of FHLMC's foreclosure action, and thus has not made a payment towards the eradication of his debt in more than ten years. We have held before, in the context of rent payments, that a claim for payments accruing subsequent to a previous judgment is considered a different cause of action. *Wedel v. American Elec. Power Service Corp.*, 681 N.E.2d 1122, 1131, (Ind.Ct.App. 1997), *reh'g denied, trans. denied* (quoting *Booher v. Richmond Square*, 160 Ind.App. 44, 310 N.E.2d 89, 92 (1974)). Even though no case in Indiana deals with the precise issue before us in the context of a foreclosure action, we nevertheless find *Booher* to be instructive.

In *Booher*, a lessee brought an action to recover rent due under the terms of the lease for space in a shopping center. *Id.* at 90. In response, the lessor asserted the claim preclusion part of the doctrine of *res judicata* as a defense based on the fact that the lessee had previously brought a

cause for action against the lessor for missed payments under the same lease agreement. *Id.* However, the first action was brought for defaults up to October 19, 1969, with the second action for amounts due and owed under the lease subsequent to that date. *Id.* Analyzing the rent payments in light of *res judicata*, the *Booher* court determined that the first action could not seek to recover rents to accrue in the future. *Id.* at 92. The court found that "[s]ince the second action sought only rents accruing subsequent to the previous judgment, it constituted a different cause of action claim, or demand." *Id.*

In *Singleton v. Greymar Associates*, 882 So.2d 1004, 1005 (Fla.2004), the Florida supreme court faced a nearly identical situation as the case before us. In *Singleton*, Greymar Associates brought two consecutive foreclosure actions against Singleton alleging default on a mortgage and note between the parties. The first action was predicated on an alleged default that the mortgagors had failed to make payments due from September 1, 1999 to February 1, 2000. *Id.* After Greymar Associates failed to appear at a case management conference, the circuit court dismissed the foreclosure action with prejudice. *Id.* Subsequently, a second foreclosure action was brought alleging a default that Singleton had failed to make payments from April 1, 2000 onward. *Id.* The circuit court entered a summary judgment for foreclosure in favor of Greymar Associates in the second suit, rejecting the defense that the prior dismissal barred relief in the second action. *Id.* Analyzing the subsequent actions for foreclosure, the Florida supreme court noted that:

[w]hile it is true that a foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated

upon subsequent and different defaults present a separate and distinct issue. *Id.* at 1007. The Singleton court explained its reasoning as follows:

> If *res judicata* prevented a mortgagee from acting on a subsequent default even after an earlier claimed default could not be established, the mortgagor would have no incentive to make future timely payments on the note. The adjudication of the earlier default would essentially insulate her from future foreclosure actions on the note—merely because she prevailed in the first action. Clearly, justice would not be served if the mortgagee was barred from challenging the subsequent default payment solely because he failed to prove the earlier alleged default.

*Id.*

However, Afolabi focuses our attention on *McCubbens v. O'Banion,* 172 Ind.App. 576, 361 N.E.2d 191 (1977) in support of his argument that acceleration of all payments in a foreclosure action is sufficient to bar all future actions based on *res judicata.* After review, we conclude *McCubbens* to be inapposite to the instant case. Unlike here, in *McCubbens,* the plaintiff attempted to re-institute the exact same claim which had been previously dismissed. *Id.* at 191.

Furthermore, a comparison of the two foreclosure actions reveal that the facts necessary to establish a default in the first foreclosure action are different from the facts necessary to establish a default in the second foreclosure action. The designated evidence establishes that the facts at issue in each foreclosure action differed because the possible dates of default differed. In the first foreclosure, the trial court had to determine whether there were sufficient facts to establish a default prior to November 30, 1995. Whereas, in the second foreclosure action, the trial court had to determine whether there was a default between September 19, 1998 and November 14, 2005, a question which was not at issue in the first foreclosure action.

Accordingly, in light of *Booher* and *Singleton,* we conclude that the claim preclusion part of the doctrine of *res judicata* does not bar successive foreclosure claims, regardless of whether or not the mortgagee sought to accelerate payments on the note in the first claim. Here, the subsequent and separate alleged defaults under the note created a new and independent right in the mortgagee to accelerate payment on the note in a subsequent foreclosure action. Therefore, we find that there is no genuine issue of material fact and the trial court has correctly applied the law. *See American Family Mut. Ins. Co.,* 764 N.E.2d at 783. Thus, we affirm the trial court's summary judgment in favor of Atlantic.

### B. *Issue Preclusion*

 Issue preclusion, or collateral estoppel, bars the subsequent litigation of a fact or issue that was necessarily adjudicated in a former lawsuit if the same fact or issue is presented in the subsequent lawsuit. *Indianapolis Downs,* 834 N.E.2d at 704. Where collateral estoppel is applicable, the former adjudication will be conclusive in the subsequent action even if the two actions are on different claims. *Id.* However, the former adjudication will only be conclusive as to those issues that were actually litigated and determined therein. *Id.* Collateral estoppel does not extend to matters that were not expressly adjudicated and can be inferred only by argument. *Id.* In determining whether to allow the use of collateral estoppel, the trial court must engage in a two-part analysis: (1) whether the party in the prior action had a full and fair opportunity to litigate the issue and (2) whether it is otherwise unfair

to apply collateral estoppel given the facts of the particular case. *Id.* at 705.

We find collateral estoppel to be inapplicable in the case at bar. Because the FHLMC action was dismissed with prejudice pursuant to T.R. 41(E) for failure to prosecute the claim, no issue was actually litigated. Accordingly, Afolabi's claim is without merit.

## CONCLUSION

In light of the foregoing, we conclude that the trial court properly entered summary judgment in favor of Atlantic.

Affirmed.

VAIDIK, J., and DARDEN, J., concur.