**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 12 2012, 10:00 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DANIEL J. VANDERPOOL**
Warsaw, Indiana

ATTORNEY FOR APPELLEE:

**PATTI J. TAYLOR**
Warsaw, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRAD A. FISHER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 43A03-1202-DR-86 |
| | ) | |
| BRANDY FISHER, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE KOSCIUSKO SUPERIOR COURT
The Honorable Duane G. Huffer, Judge
Cause No. 43D01-0709-DR-808

**September 12, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Petitioner, Brad Fisher (Brad), appeals the trial court's Order denying his verified petition to deem judgment paid in favor of Appellee-Respondent, Brandy Brady, f/k/a Brandy Fisher (Brandy).

We dismiss.

## ISSUE

Although Brad raises two issues on appeal, we find Brandy's issue on cross-appeal is dispositive and we restate it as follows: Whether the doctrine of *res judicata* precludes Brad's appeal.

## FACTS AND PROCEDURAL HISTORY

Brad and Brandy were married before September of 2007. One child was born of the marriage. On September 27, 2007, Brad filed a petition for dissolution of the marriage. On May 5, 2010, the trial court held a final hearing on the petition. The parties had agreed to bifurcate custody, support, and visitation issues and only presented evidence on the division of the marital estate. On May 12, 2010, the trial court entered the Decree of Dissolution.

The Decree contained the trial court's findings on the martial estate and divided the couple's assets and liabilities. The marital assets were valued at $128,342 and the marital debt totaled $167,208, resulting in a net marital estate of negative $38,866. The trial court awarded Brad marital assets in the amount of $16,316 and debt in the amount of $14,221. Brandy was awarded marital assets totaling $119,026 and debts totaling

$152,957. Notably, Brandy received half of Brad's individual retirement account and the marital home. The marital home was valued at $115,000 but carried indebtedness in the amount of $141,765, consisting of a mortgage and home equity loan, upon which the parties were joint obligors. The end result of the trial court's property division resulted in a positive award to Brad in the amount of $2,095 and negative award to Brandy in the amount of $33,931.

"To equalize the property and debt of the parties," the Decree awarded Brandy a judgment of $20,000, payable in forty-eight monthly installments beginning June 1, 2010. (Appellant's App. p. 21). The purpose of the payments was "to defray the expense of [the] mortgage and home equity payment on the former marital dwelling." (Appellant's App. p. 21). Interest of 8% per annum was to be assessed for untimely payments. The judgment was made contingent in that "if the mortgage and/or home equity loan should be foreclosed and [Brad] is current in payments required herein, any sums remaining unpaid by [Brad] to [Brandy] shall be deemed paid." (Appellant's App. p. 21).

In June and July of 2010, Brad made his two installment payments on the $20,000 judgment. On July 1, 2010, a complaint for foreclosure on the mortgage secured by the martial property was filed. On July 29, 2010, Brad filed for bankruptcy and discharged his indebtedness on the mortgage and home equity line on December 15, 2010.

On November 4, 2010, a judgment was entered in the foreclosure action. On November 19, 2010, Brandy filed a motion to enforce and modify the Decree. The

motion alleged that Brad had failed to transfer half of his IRA and to make monthly installment payments on the $20,000 judgment after his July 2010 payment. Brandy requested the trial court to enforce such obligations under the Decree. She also argued that the $20,000 judgment was a support obligation and thus non-dischargeable in Brad's bankruptcy. As the Decree did not so expressly provide, Brandy requested modification of that provision in the Decree.

On December 21, 2010, the trial court held a hearing on Brandy's motion and entered its Order clarifying the Decree. The trial court concluded that the $20,000 judgment was "to effectuate and provide the support necessary to ensure the daily needs of [Brandy]" and the parties' child." (Appellant's App. p. 28). In particular, it found that the $20,000 judgment was a support obligation because the award of the marital home to Brandy was based on her inability to pay the mortgage and home equity loan and the lack of another residence to house the parties' child. On December 24, 2010, Brandy filed for bankruptcy, which resulted in the discharge of her indebtedness under the mortgage and home equity loan on April 4, 2011.

On January 19, 2011, Brad filed a motion to correct error, contending that the December 21, 2010 Order was erroneous because the $20,000 judgment was not intended as a support obligation, but rather a "self-adjusting mechanism" whereby the Decree's equitable division of property would be preserved in the event that Brandy failed to pay the mortgage. (Appellee's App. p. 1). Because the parties were joint obligors on the mortgage and home equity loan and Brandy was not required to refinance, Brad argued

4

that the trial court had intended that he be liable for only $20,000, which would be "deemed paid" in the event of foreclosure. (Appellee's App. p. 1). However, Brad asserted that by determining the $20,000 judgment to be a support obligation, the trial court had impermissibly modified the Decree and thereby contravened its intent that Brad not be liable for the entire amount of the mortgage and home equity loan. Brad's motion to correct error therefore requested the trial court to "vacate the December 21, 2010 [O]rder" and "find that the $20,000 [judgment] was deemed paid when the mortgage foreclosure action was filed in July of 2010." (Appellee's App. p. 2).

On January 24, 2011, Brandy filed her response arguing that Brad's failure to make all payments under the Decree and provisional support orders caused the July 2010 foreclosure proceedings and that she declared bankruptcy to stave off foreclosure proceedings. On January 25, 2011, the trial court denied Brad's motion to correct error. On February 24, 2011, Brad filed a notice of appeal. However, on June 24, 2011, Brad filed a motion to dismiss his appeal under Indiana Appellate Rule 36(A). On July 12, 2011, this court dismissed Brad's appeal with prejudice.

On December 5, 2011, Brad filed his Motion to Deem Judgment Paid. The Motion alleged a number of facts contained in Brad's earlier motion to correct error, but omitted argument on the propriety of the trial court's prior modification of the Decree. On December 6, 2011, Brandy responded that the issue was barred by *res judicata* since the Motion contained allegations made in Brad's prior motion to correct error and did not contain new material facts. On January 27, 2012, the trial court issued its Order denying

5

Brad's motion. The trial court found that Brad had not met the contingency provided for in the Decree because Brad was not current in his payments at the time of foreclosure.

Brad now appeals and Brandy cross-appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

CROSS-APPEAL

On cross-appeal, Brandy asserts that Brad's present appeal is precluded by the doctrine of *res judicata*. Specifically, Brandy argues claim preclusion applies because Brad's appeal raises issues already asserted by him in his prior appeal, which had been dismissed with prejudice. We find Brandy's cross-appeal to be dispositive.

*Res judicata* prevents the repetitious litigation of that which is essentially the same dispute. *In re L.B.*, 889 N.E.2d 326, 333 (Ind. Ct. App. 2008). The principle of *res judicata* is divided into two branches: claim preclusion and issue preclusion. *Id*. Claim preclusion applies where a final judgment on the merits has been rendered which acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies. *Id*. Issue preclusion, also referred to as collateral estoppel, bars the subsequent relitigation of the same fact or issue where the fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent action. *Id*. When, as here, a party argues that the claim preclusion component of *res judicata* applies, four factors must be present, namely: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been

6

rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between parties to the present suit or their privies. *Id*.

There is no dispute that three of the above requirements are met here. First, there is no dispute that this court did not lack jurisdiction over the parties and the subject matter in both appeals. Second, either party may move to dismiss a claim and a dismissal with prejudice constitutes a dismissal on the merits. *Afolabi v. Atlantic Mortgage & Investment Corp.*, 849 N.E.2d 1170, 1173 (Ind. Ct. App. 2006). Thus, a dismissal with prejudice is conclusive of the rights of the parties and is *res judicata* as to any questions that might have been litigated. *Id*. Third, the parties here are identical to those in the prior appeal.

Turning to the remaining issue, we consider whether the $20,000 judgment, which Brad argues should have been deemed paid upon the initiation of foreclosure proceedings in July 2010, was or might have been litigated in the prior appeal. We conclude that it was.

Brad's prior appeal resulted from proceedings supplemental brought by Brandy to enforce, modify, as well as remove language pertaining to the $20,000 judgment from the Decree. Although the trial court agreed with Brandy that Brad's obligation to pay the $20,000 judgment was a support obligation, the December 21, 2010 Order did not remove the language requested by Brandy, nor hold Brad in contempt for failing to make

installment payments on the $20,000. Thereafter, Brad filed a motion to correct errors alleging grounds and requesting relief as follows:

8. After the [c]ourt's order of May 12, 2010, [Brad] began making the payments ordered to [Brandy] against the $20,000. He made those payments in June and July [of 2010].

9. On July 1, 2010 the mortgage company filed its foreclosure action []. Pursuant to the terms of the [Decree], the "sums remaining unpaid on the $20,000.00 to [Brandy] were then "deemed paid[."] While [Brad's obligation to [Brandy] then became fulfilled, his obligation to the mortgage company was still active. He was therefore bound to pay the mortgage company $126,000.00 in spite of the court's order for [Brandy] to pay.

WHEREFORE, [Brad] requests that the [c]ourt vacate the December 21, 2010 [O]rder, find that the $20,000 obligation was deemed paid when the mortgage foreclosure action was filed in July of 2010."

(Appellee's App. p. 2). The trial court denied Brad's motion to correct error and Brad filed his notice of appeal. Subsequently, Brad requested dismissal of the appeal, which this court granted with prejudice.

Brad's Motion to Deem Judgment Paid alleged grounds and requested relief as follows:

5. After the entry of the [c]ourt's Decree, [Brad] made the payments ordered to [Brandy] in June and July of 2010.

6. On July 1, 2010, the mortgage company filed to foreclose the mortgage and home equity loan.

7. On December 21, 2010, in response to a [m]otion filed by [Brandy], the [c]ourt interpreted the Decree to state that it was in the nature of support. Although [Brandy] had asked in her [m]otion for the [c]ourt to modify the Decree and remove the language regarding the payment obligation being deemed paid on the foreclosure, the [c]ourt did not do so.

8. The parties have both since filed bankruptcy.

8

9. The [c]ourt should deem the order to pay the $20,000.00 to be paid, as stated in the [c]ourt's Decree.

WHEREFORE, [Brad] requests that the [c]ourt enter an order showing the contingent judgment herein paid, and for all other relief just and proper in the premises.

(Appellant's App. p. 29).

It is apparent that Brad's earlier motion to correct error contained the same prayer for relief and alleged the same facts, namely that Brad's obligation to pay the $20,000 judgment had been fulfilled. In arguing against claim preclusion, Brad contends that the prior appeal was not on the merits because the trial court's December 21, 2011 Order only determined that the $20,000 judgment was a support obligation and therefore could not provide him with the relief sought in the Motion to Deem Judgment Paid. He further asserts that the motion to correct error did nothing to contradict that insofar as "it is the underlying order complained in the [m]otion to [c]orrect [error] that is appealed." (Appellant's Reply p. 3). Brad's argument mischaracterizes his motion to correct error. The motion to correct error alleged that Brad did not have an obligation to pay Brandy, not simply that the trial court erred by characterizing his obligation in the nature of support. It is this claim that forms the basis of Brandy's claim preclusion argument in the present appeal.

Claim preclusion therefore bars Brad from asserting this claim on appeal. Consequently, we do not review Brad's contentions on the trial court's denial of his

9

Motion to Deem Judgment Paid or the propriety of the trial court's modification of the Decree.

## CONCLUSION

Based on the foregoing, we dismiss Brad's instant appeal.

Dismissed.

BAILEY, J. and CRONE, J. concur

10