**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**FREDRIC LAWRENCE**
Nelson & Frankenberger, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**DAVID W. WESTLAND**
Westland Kramer & Bennett, P.C.
Schererville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ONEWEST BANK, FSB, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1312-MF-615 |
| | ) | |
| JASON JARVIS, NATALIE JARVIS, | ) | |
| MORTGAGE ELECTRONIC SYSTEMS, INC., | ) | |
| AS NOMINEES FOR AMERICAN MORTGAGE | ) | |
| NETWORK, INC., GE MONEY BANK, and | ) | |
| SADDLE CREEK ESTATES | ) | |
| HOMEOWNERS ASSOCIATION, INC., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Calvin Hawkins, Judge
Cause No. 45D02-1107-MF-222

**June 20, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

OneWest Bank, FSB, ("OneWest") appeals the sanction imposed by the trial court upon finding OneWest in contempt. We reverse and remand.

## Issue

OneWest raises one issue, which we restate as whether the trial court properly sanctioned OneWest for its contempt.

## Facts

In 2007, Jason and Natalie Jarvis executed a promissory note and mortgage to purchase property in Dyer. OneWest acquired the mortgage in 2009, and the Jarvises failed to make payments on the note. In 2010, the Jarvises accepted a loan modification agreement offered by OneWest, but the modification was not finalized. In 2011, OneWest filed a complaint on the note and to foreclose on the mortgage. Apparently, because of OneWest's errors, it did not perform pursuant to the loan modification agreement, and the Jarvises moved to enforce the agreement. On November 17, 2011, the trial court ordered OneWest to allow the Jarvises to make payments pursuant to the terms of the loan modification agreement and extended the repayment time accordingly.

In January 2013, OneWest filed a motion to dismiss its complaint without prejudice because the loan modification had been completed, and the trial court granted the motion to dismiss. The Jarvises responded to the motion to dismiss and asserted that the loan modification had not been completed because of OneWest's continued refusal to do so. The Jarvises requested that OneWest be held in contempt for its refusal to comply with the November 2011 order. On March 2013, the trial court found OneWest in

2

contempt and ordered OneWest to remove all interest, fees, attorney fees, and costs imposed on the Jarvises' account since the 2011 order and to take all necessary steps to remove any negative credit references on the Jarvises' credit report. The trial court also awarded the Jarvises attorney fees and ordered them to make the January, February, March, and April mortgage payments by April 1, 2013.

On June 10, 2013, the loan modification was executed. On June 11, 2013, the Jarvises filed a second motion for contempt citation. The Jarvises alleged that, since the trial court's March 2013 order, OneWest had attempted to collect allegedly outstanding balances, had attempted to change their monthly payments, and had sent real estate agents to their home encouraging them to sell the residence. The Jarvises attached letters sent by OneWest to their motion. OneWest responded by asserting that it had paid the court ordered attorney fees, it was in compliance with the March 2013 order, and the letters were "unknowingly and unintentionally sent to the Defendants in error pending the finalization of the loan modification" through its automated system. App. p. 91.

An evidentiary hearing was held at which Jason testified about OneWest's actions, including OneWest's failure to clear their credit report. At the conclusion of the hearing, the trial court stated it was "stunned" by OneWest's conduct and described OneWest as having "systematically . . . thumbed its nose at the Court." Tr. pp. 39, 37. The trial court issued an order finding OneWest in contempt of the November 2011 and March 2013 orders. The trial court dismissed OneWest's complaint with prejudice and ordered that OneWest and any successor in interest "is precluded from further attempting to pursue its legal and/or equitable claims on the real estate . . . and on the Note and Mortgage

3

attached to plaintiff's Complaint." App. p. 105. The trial court also awarded the Jarvises attorney fees and $500 for their preparation and attendance at the hearing.

OneWest filed a motion to correct error requesting that the language prohibiting it or a successor from further attempting to pursue legal or equitable claims be stricken from the order. OneWest argued that the contempt sanction purported to prohibit future legal action on the note and mortgage and that defaults after the entry of dismissal "were not and could not have been decided in this cause." Id. at 109. The Jarvises responded by asserting, "The sanction imposed was a fair and accurate way to compensate the Defendants in this case." Id. at 117. After OneWest replied, the trial court denied OneWest's motion to correct error. OneWest now appeals.

**Analysis**

OneWest does not challenge the contempt finding or the dismissal of the complaint with prejudice. It argues only that the preclusion language in the contempt sanction was improper because OneWest and its successors are prohibited from enforcing the note and mortgage in the event of a future default by the Jarvises. The imposition of sanctions to compensate the other party for injuries incurred as a result of the contempt is within the trial court's discretion. Witt v. Jay Petroleum, Inc., 964 N.E.2d 198, 204 (Ind. 2012). Because the presumption favors the trial court, we review an award of damages for an abuse of discretion and will reverse only when there is no evidence to support the award. Id. A trial court may take into account the inconvenience and frustration suffered by the aggrieved party in determining the amount of damages. Id.

4

To support its argument that it should be able to enforce the note and mortgage if the Jarvises default in the future even though the complaint was dismissed with prejudice, OneWest relies on Afolabi v. Atlantic Mortgage & Investment Corp., 849 N.E.2d 1170 (Ind. Ct. App. 2006). Afolabi involved the dismissal of a foreclosure action with prejudice for failure to prosecute and the filing of another complaint to foreclosure based on subsequent nonpayment. We concluded that res judicata did not bar the successive foreclosure claim because "the subsequent and separate alleged defaults under the note created a new and independent right in the mortgagee to accelerate payment on the note in a subsequent foreclosure action." Afolabi, 849 N.E.2d at 1175. OneWest also argues that, by precluding future litigation in contravention of the terms of the parties' contract, the trial court improperly modified the contract between OneWest and the Jarvises. See Nationstar Mortgage, LLC v. Curatolo, 990 N.E.2d 491, 495 (Ind. Ct. App. 2013) (observing that a trial court may not make a new contract for the parties or ignore or eliminate provisions of the instrument).

The Jarvises do not disagree with OneWest's assertion that the contempt order precludes future litigation of the loan modification agreement. They contend that Afolabi does not limit the authority of a trial court in contempt proceedings and that the contempt order does not alter the terms of the parties' contract, "rather the order satisfied the loan obligation and alleged debt." Appellees' Br. p. 15. The Jarvises describe the contempt order as, in essence, awarding them "monetary damages in the amount of the debt by . . . not allowing One West or any successors to enforce the note or the mortgage." Id. at 14.

5

We cannot agree that precluding OneWest or its successors from pursuing future legal claims on the property is effectively a monetary judgment in the amount of the Jarvises' debt because the note and mortgage are still outstanding and will remain a cloud on the title to the property. Had the trial court intended to impose a monetary judgment in the amount of the debt, the trial court should have specifically ordered such.

Moreover, we cannot agree with the Jarvises that damages equivalent to the unpaid balance of loan, which the loan modification agreement indicated was $311,243.81 as of April 2, 2013, were appropriate. OneWest's actions of failing to clear the Jarvises' credit report, sending real estate agents to their house to convince them to sell, and incorrectly notifying them that they were in default certainly warranted the contempt finding. The trial court was understandably angry, as are we. As frustrated, inconvenienced, and embarrassed as the Jarvises were by OneWest's actions, there is no evidence that more than $300,000 in monetary damages was warranted. As such, we must conclude that the trial court abused its discretion by precluding OneWest from attempting to enforce the note and/or mortgage based upon a future default by the Jarvises.

**Conclusion**

The trial court abused its discretion by prohibiting OneWest from attempting to enforce the note and/or mortgage in the future. We reverse and remand with instructions to remove that language from the September 2013 order.

Reversed and remanded.

BAKER, J., and CRONE, J., concur.

6