# FOR PUBLICATION

ATTORNEY FOR APPELLANTS:

**DOUGLAS C. HOLLAND**
Lawrenceburg, Indiana

ATTORNEY FOR APPELLEE ERNEST SMITH:

**R. PATRICK MAGRATH**
Alcorn Goering & Sage, LLP
Madison, Indiana

ATTORNEY FOR APPELLEE SUZANNE CASSIDY:

**WILLIAM B. KEATON**
Keaton and Keaton, P.C.
Rushville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

FILED
Dec 17 2014, 6:18 am

CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| DENNIS BOYER and RICHARD SMITH, )<br><br>Appellants-Plaintiffs, )<br><br>vs. )<br><br>ERNEST SMITH, SUZANNE CASSIDY, )<br>and IN-PLAS, INC., )<br><br>Appellees-Defendants. ) | No. 15A01-1404-CT-161 |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Jonathan N. Cleary, Judge
Cause No. 15D01-1208-CT-32

**December 17, 2014**

**OPINION - FOR PUBLICATION**

**BARTEAU, Senior Judge**

STATEMENT OF THE CASE

Ernest Smith, by his counsel Suzanne Cassidy, sued Dennis Boyer, Richard Smith, and two corporate entities in a Kentucky federal district court, alleging age, race, and disability discrimination, among other claims.[1]  Ernest later voluntarily dismissed his claims against Boyer and Richard.  The federal court denied Boyer and Richard's motion for attorney's fees.

The current case began when Boyer and Richard sued Ernest and Cassidy in Dearborn County, Indiana, alleging malicious prosecution and other claims in relation to the federal lawsuit.  The trial court granted summary judgment to Ernest and Cassidy. Boyer and Richard appeal, and we affirm in part, reverse in part, and remand.

ISSUES

Boyer and Richard raise four issues, which we consolidate and restate as: Whether the trial court erred when it granted summary judgment to Ernest and Cassidy.

On cross-appeal, Cassidy claims she is entitled to attorney's fees because she concludes this case is groundless and frivolous.[2]

FACTS AND PROCEDURAL HISTORY

Boyer and Richard owned Alternative Plastics, Inc. (API), a recycling company. API was initially based in Indiana but moved to Kentucky in 2006.

---

[1] Ernest Smith and Richard Smith are not related.  We will refer to them by their first names to avoid confusion.

[2] In his Appellee's Brief, Ernest moves to strike the Statement of the Case, the Statement of Facts, and the Argument in Boyer and Richard's Appellants' Brief.  We deny Ernest's motion.

API had hired Ernest in 1995. Ernest suffered severe burns when he was younger and had gone through vocational rehabilitation. Despite having limited function in his hands, Ernest was eventually promoted to production supervisor at API. During his employment there, Ernest had two heart attacks and had a defibrillator implanted.

API closed in 2009 due to lack of business, and Ernest was laid off with the rest of the employees. Later in 2009, Boyer and Richard opened a smaller successor company, In-Plas, Inc., in Indiana. Ernest contacted Boyer to see if there was a job for him. Boyer told Ernest they did not have a production supervisor position, and he did not think Ernest was physically capable of performing the manual laborer jobs.

Ernest filed a complaint with the Equal Employment Opportunity Commission (EEOC), alleging discrimination on grounds of race, age, and disability. Next, he hired Cassidy to represent him. Cassidy amended Ernest's complaint and later requested a "right to sue letter" from the EEOC. The EEOC issued the letter in May 2010, ending the EEOC proceedings.

While the EEOC case was pending, Ernest had filed a disability claim with the Social Security Administration (SSA). In February 2010, Ernest obtained a ruling that he was permanently and totally disabled, retroactive to March 2009, due to his heart condition.

On August 2, 2010, Cassidy, on behalf of Ernest, sued Boyer, Richard, API, and In-Plas in the United States District Court for the Eastern District of Kentucky. Ernest alleged age, race, and disability discrimination, among other claims. The defendants filed a motion to dismiss the complaint, but the district court denied the motion.

3

Next, the four defendants filed a motion for summary judgment. During mediation, Ernest disclosed to Boyer and Richard that the SSA had determined that he was totally disabled. After this disclosure, Ernest dismissed all of his claims against Boyer and Richard, and the district court granted summary judgment in favor of API and In-Plas.

Boyer and Richard requested an award of expenses and attorney's fees. The district court denied the request, adopting a magistrate judge's determination that Ernest had "an arguable basis" for pursuing his lawsuit and that, as a result, the lawsuit "was not frivolous, unreasonable, or groundless at the time it was brought." Appellants' App. pp. 137-38. The district court also adopted the following statement by the magistrate judge:

> There is nothing in the procedural history of this case, its survival of a threshold dismissal motion, nor the parties' summary judgment filings and the District Court's ultimate award of summary judgment that could reasonably be viewed [as] an egregious case of misconduct. Therefore, the extreme sanction of awarding Defendants attorney's fees should not be imposed in this case.

*Id.* at 138.

Next, Boyer and Richard sued Ernest and Cassidy, beginning this case.[3] Boyer and Richard alleged Ernest and Cassidy had filed a frivolous lawsuit and had further committed malicious prosecution, abuse of process, fraud, constructive fraud, and intentional infliction of emotional distress.

---

[3] Boyer and Richard also named In-Plas as a defendant, claiming that it is a necessary party because it paid a great deal of the defense costs in the federal lawsuit and might be entitled to a portion of any recovery obtained by Boyer and Richard. In-Plas is not participating in this appeal, but it is included in the caption because a party of record below remains a party on appeal. Ind. Appellate Rule 17(A).

4

Boyer and Richard filed a motion for partial summary judgment, limited to their claim that Ernest and Cassidy had filed a frivolous lawsuit. Appellants' App. p. 5. Ernest and Cassidy filed separate responses, and both also requested the entry of summary judgment. The trial court granted summary judgment to Ernest and Cassidy on all of Boyer and Richard's claims, concluding: (1) the court lacked subject matter jurisdiction over the case, (2) the court lacked personal jurisdiction over Cassidy, and (3) Boyer and Richard's claims were barred by res judicata. This appeal followed.

DISCUSSION AND DECISION

I. SUMMARY JUDGMENT

An appellate court reviewing summary judgment analyzes the issues in the same way as the trial court. *Pfenning v. Lineman*, 947 N.E.2d 392, 396 (Ind. 2011). A party is entitled to summary judgment if the designated evidence "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). We construe the evidence in favor of the non-movant and resolve all doubts against the moving party. *Pfenning*, 947 N.E.2d at 397.

We may affirm a grant of summary judgment if it is proper on any basis shown in the record. *Id.* at 408-09. Even so, we carefully review the trial court's decision to ensure that the responding party was not improperly denied its day in court. *Felsher v. Univ. of Evansville*, 755 N.E.2d 589, 592 (Ind. 2001).

A. Subject Matter Jurisdiction

Boyer and Richard contend that the trial court erred in concluding that it lacked subject matter jurisdiction over their lawsuit. The court determined that all of the actions that gave rise to this case occurred in Kentucky.

To act in a given case, a trial court must possess both subject matter jurisdiction and personal jurisdiction. *R.L. Turner Corp. v. Town of Brownsburg*, 963 N.E.2d 453, 457 (Ind. 2012). Subject matter jurisdiction exists when the Indiana Constitution or a statute grants the court the power to hear and decide cases of the general class to which any particular proceeding belongs. *Id.* The Indiana Supreme Court has abolished the concept of "jurisdiction over a particular case." *See id.*

The trial court in this case, the Dearborn Superior Court, has jurisdiction over all civil cases filed within the county. *See* Ind. Code §§ 33-29-1-1.5 (2011), 33-33-15-2 (2005). It had subject matter jurisdiction over Boyer and Richard's tort claims. *See Kozlowski v. Dordieski*, 849 N.E.2d 535, 537 (Ind. 2006) (trial court, as a court of general jurisdiction, had subject matter jurisdiction over the parties' tort dispute).

Cassidy and Ernest argue that the trial court lacked subject matter jurisdiction over the case because they believe all of the events relevant to this lawsuit occurred in Kentucky. They cite *In re Alford Trust*, 897 N.E.2d 946 (Ind. Ct. App. 2008), *trans. denied*. In that case, the beneficiaries of a trust, who lived in Indiana, filed a petition to remove the trustee of the trust, who lived in Virginia. The trust and its assets and records had always been based in Virginia, and the trust was not subject to continuing supervisory authority by any Indiana court.

6

The trial court dismissed the petition due to lack of subject matter jurisdiction. A panel of this Court, relying upon the Restatement (Second) of Trusts and Indiana statutes that govern trusts, determined that the proper court to hear a trust action is determined by the place of the trust's location, not where the beneficiaries reside. The Court concluded that any claims regarding the administration of the trust must be pursued in Virginia and affirmed the trial court. *Id.* at 951.

The holding of *In re Alford Trust* is based on authorities and principles unique to the governance of trusts. For that reason, it does not govern the present tort dispute. Further, it appears that Cassidy and Ernest are attempting to import principles of personal jurisdiction into this topic by claiming that the federal lawsuit had nothing to do with Indiana. It is sufficient for purposes of subject matter jurisdiction to conclude that the trial court was authorized by statute to consider this type of case, and we address personal jurisdiction next.

### B. Personal Jurisdiction

Boyer and Richard assert that Cassidy waived her defense of lack of personal jurisdiction. They further assert that if she preserved the defense, the trial court had personal jurisdiction over her.[4]

---

[4] Ernest claims "to the extent available on appeal" that the trial court also lacked personal jurisdiction over him. Smith's Appellee's Br. p. 10. Ernest's answer to Boyer and Richard's complaint has not been included in the record, so we do not know whether he properly raised that defense. Further, Ernest's response to Boyer and Richard's motion for summary judgment did not address personal jurisdiction. A party may not change its theory on appeal and present arguments that are different from those raised in the trial court. *In re Paternity of T.M.Y.*, 725 N.E.2d 997, 1002 (Ind. Ct. App. 2000), *trans. denied*. We thus conclude that he has waived for this appeal the question of personal jurisdiction. *See id.*

7

A defendant waives a defense of lack of jurisdiction over the person by failing to raise the defense in a responsive pleading or in a motion to dismiss under Indiana Trial Rule 12. *See* Ind. Trial Rule 12(H)(1). A challenge to personal jurisdiction may be raised either as an affirmative defense in the answer to the complaint or in a motion to dismiss. *Johnston v. Johnston*, 825 N.E.2d 958, 962 (Ind. Ct. App. 2005).

Here, Cassidy raised the defense of lack of personal jurisdiction in her answer. She thus preserved the claim for consideration by the trial court and this Court. *Cf. Ellis v. M & I Bank*, 960 N.E.2d 187, 192 (Ind. Ct. App. 2011) (defense of lack of personal jurisdiction waived where defendant appeared and failed to raise defense in responsive pleading).

We turn to the question of whether the trial court had personal jurisdiction over Cassidy. The existence of personal jurisdiction over a defendant is a question of law and a constitutional requirement to rendering a valid judgment, mandated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Munster v. Groce*, 829 N.E.2d 52, 57 (Ind. Ct. App. 2005). We review a trial court's determination regarding personal jurisdiction de novo, particularly where, as here, only a paper record was presented to the trial court. *Id.* The defendant ultimately bears the burden of proving lack of personal jurisdiction by a preponderance of the evidence. *Id.*

Indiana has no statutory provision governing the permissible exercise of personal jurisdiction. *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 965 (Ind. 2006). Under the Due Process Clause of the Fourteenth Amendment, the key inquiry is whether a defendant has certain minimum contacts with a state such that maintenance of a suit

8

against a defendant in that state does not offend traditional notions of fair play and substantial justice. *Sebring v. Air Equip. & Eng'g, Inc.*, 988 N.E.2d 272, 275 (Ind. Ct. App. 2013).

A defendant may have "continuous and systematic" contacts with a state such that he or she should reasonably anticipate being hailed into court in any cause of action, even cases unrelated to the defendant's contacts with the state. *Id.* This subset of personal jurisdiction is identified as general jurisdiction. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 754, 187 L. Ed. 2d 624 (2014). Boyer and Richard do not appear to contend that Cassidy had continuous and systematic contacts with Indiana, and the record does not demonstrate the existence of such contacts.

Alternatively, a state may have specific personal jurisdiction over a defendant if the controversy is related to or arises out of the defendant's contact with the state. *Sebring*, 988 N.E.2d at 275. The defendant's conduct must be related to the lawsuit, and the conduct must create a "substantial connection" with the forum state. *Walden v. Fiore*, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014). A single contact with the forum state may be sufficient to establish specific jurisdiction over a defendant. *Sebring*, 988 N.E.2d at 275. Whether a defendant's actions have created a substantial connection with the forum state depends upon the defendant's contacts with the state itself, not with the persons who reside there. *Walden*, 134 S. Ct. at 1122. Physical entry into the state is not a prerequisite contact but is relevant. *Id.*

When determining whether a defendant's contacts with a state establish personal jurisdiction, we may look to a list of acts enumerated in Indiana Trial Rule 4.4(A). That

9

rule provides "a handy checklist of activities that usually support personal jurisdiction but does not serve as a limitation on the exercise of personal jurisdiction by a court of this state." *LinkAmerica Corp.*, 857 N.E.2d at 967.

Trial Rule 4.4(A) provides, in relevant part:

Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or her or his or her agent:

(1) doing any business in this state;

(2) causing personal injury or property damage by an act or omission done within this state;

(3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state;

(4) having supplied or contracted to supply services rendered or to be rendered or goods or materials furnished or to be furnished in this state;

(5) owning, using, or possessing any real property or an interest in real property within this state;

(6) contracting to insure or act as surety for or on behalf of any person, property or risk located within this state at the time the contract was made;

(7) living in the marital relationship within the state notwithstanding subsequent departure from the state, as to all obligations for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in the state; or

(8) abusing, harassing, or disturbing the peace of, or violating a protective or restraining order for the protection of, any person within the state by an act or omission done in this state, or outside this state if the act or omission is part of a continuing course of conduct having an effect in this state.

10

In addition, a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States.

Trial Rule 4.4(A) properly focuses on a defendant's, rather than a plaintiff's, actions in a forum state. A plaintiff's contacts with a forum state are not decisive in determining whether the defendant's due process rights are violated by being sued in the forum state. *Walden*, 134 S. Ct. at 1122.

Boyer and Richard contend that the manner in which Cassidy managed Ernest's case qualifies as "causing personal injury in this state" and "abusing [or] harassing . . . any person within the state" per Trial Rule 4.4. Based on our review of the record, Cassidy's contacts with Indiana on behalf of Ernest consisted of: (1) telephone calls and correspondence with the EEOC's Indiana office, (2) correspondence with Boyer and Richard's Indiana-based attorney, including serving copies of documents filed with the federal district court, and (3) representing Ernest at a deposition that took place in Indiana. Appellants' App. pp. 259-60.

Boyer and Richard's tort claims of frivolous lawsuit, malicious prosecution, abuse of process, fraud, constructive fraud, and intentional infliction of emotional distress are related to and arise out of the nature of Cassidy's contact with Indiana during the EEOC case and Ernest's federal lawsuit. Furthermore, those tort claims, if proven, could qualify as personal injury or harassment pursuant to Indiana Trial Rule 4.4(A). Based on the facts and circumstances of this case, Cassidy's contacts with Indiana through her representation of Ernest established a substantial connection, and she could reasonably anticipate being called into court in Indiana to answer for claims relating to that litigation.

We conclude the trial court has personal jurisdiction over Cassidy, and being subject to this lawsuit does not violate her federal right to due process. *Cf. Walden*, 134 S. Ct. at 1125 (defendant had no minimal contacts with the state in which he was sued because none of his conduct occurred in that state and he formed no "jurisdictionally relevant" contacts with that state).

## C. Res Judicata

Boyer and Richard argue that the trial court erred in concluding that their claims against Ernest and Cassidy were barred by res judicata.

The doctrine of res judicata prevents the repetitious litigation of disputes that are essentially the same. *Afolabi v. Atlantic Mortg. & Inv. Corp.*, 849 N.E.2d 1170, 1173 (Ind. Ct. App. 2006). Res judicata has two branches: claim preclusion and issue preclusion, also referred to as collateral estoppel. *Id.* This appeal addresses only claim preclusion.

Claim preclusion applies where a final judgment on the merits has been rendered and acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies. *Id.* When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action. *Id.*

The following four requirements must be satisfied for a claim to be precluded under the doctrine of res judicata: (1) the former judgment must have been rendered by a court of competent jurisdiction, (2) the former judgment must have been rendered on the merits, (3) the matter now in issue was, or could have been, determined in the prior

12

action, and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies. *MicroVote Gen. Corp. v. Ind. Election Comm'n*, 924 N.E.2d 184, 191 (Ind. Ct. App. 2010).

The crux of the parties' dispute is whether Boyer and Richard's claims of a frivolous lawsuit, malicious prosecution, abuse of process, fraud, constructive fraud, and intentional infliction of emotional distress were, or could have been, determined in the prior action. As noted above, the Kentucky federal district court determined that Ernest's lawsuit was not "frivolous, unreasonable, or groundless at the time it was brought," and the manner in which Cassidy and Ernest proceeded in district court was not "an egregious case of misconduct." Appellants' App. pp. 137-38. The district court's determination directly addressed the issue of frivolousness. Thus, Boyer and Richard's claim in this case that Ernest's federal lawsuit was frivolous is barred by res judicata.

The same cannot be said of Boyer and Richard's claims for malicious prosecution, abuse of process, fraud, constructive fraud, and intentional infliction of emotional distress. The federal district court's denial of Boyer and Richard's request for attorney's fees was based on its local rule and a policy determination that prevailing defendants in civil rights cases should not be awarded attorney's fees except "for the most unfounded claims" and in "egregious circumstances." *Id.* These terms, which lack specificity, do not have any bearing upon Boyer and Richard's remaining tort claims. Further, it appears that the federal district court set a higher evidentiary bar for an award of attorney's fees, and in Indiana tort claims need only be proven by a preponderance of the evidence. *Matter of Estate of Palamara*, 513 N.E.2d 1223, 1226 (Ind. Ct. App. 1987).

13

We conclude the trial court properly granted summary judgment on Boyer and Richard's claim of a frivolous lawsuit. However, their claims of malicious prosecution, abuse of process, fraud, constructive fraud, and intentional infliction of emotional distress were not and could not have been determined in the federal lawsuit. *See, e.g., Crosson v. Berry*, 829 N.E.2d 184, 196 (Ind. Ct. App. 2005) (denial of request for attorney's fees in one action did not bar subsequent claim of malicious prosecution), *trans. denied*. These claims are not barred by res judicata.

## II. CROSS-APPEAL – ATTORNEY'S FEES

Cassidy claims she is entitled to attorney's fees for defending herself in the trial court and on appeal against what she characterizes as a frivolous lawsuit. This Court may award damages on appeal, including attorney's fees, if an appeal is frivolous or in bad faith. Ind. Appellate Rule 66(E). We have determined that the trial court's grant of summary judgment to Cassidy must be reversed in part. We thus cannot conclude that this appeal is frivolous or in bad faith, and we reject Cassidy's request for an award of attorney's fees.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court in part, reverse in part, and remand for further proceedings.

Affirmed in part, reversed in part, and remanded.

FRIEDLANDER, J., and BAILEY, J., concur.